`NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAS MORAN, | No. 12-16484 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00016-GBC |
| v. | |
| DEBBIE HILL, Sergeant; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding**

Submitted September 21, 2015***

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Nicolas Moran appeals pro se from the district court's order denying his

post-judgment motion for a new trial following a jury verdict in his 42 U.S.C.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

***    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1983 action alleging an Eighth Amendment excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a motion for a new trial. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam). We affirm.

The district court did not abuse its discretion in denying Moran's motion for a new trial based on defendants' alleged inconsistent trial testimony because there was substantial evidence supporting the jury's verdict. *See Molski v. M. J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) ("The district court's denial of the motion for a new trial is reversible only if the record contains no evidence in support of the verdict."); *Watec Co. v. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005) (the credibility of the witnesses and the weight of the evidence are issues for the jury and are generally not subject to appellate review).

The district court did not abuse its discretion in denying Moran's motions for appointment of counsel because Moran did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement).

The district court did not abuse its discretion in denying Moran's motion for an interpreter because Moran was proficient in English. *See United States v. Mayans*, 17 F.3d 1174, 1179 (9th Cir. 1994) (standard of review and requirements

for an interpreter).

We lack jurisdiction to consider Moran's challenges to the order denying his motion for reconsideration of his motion for new trial because Moran failed to file a timely notice of appeal of this order. *See* Fed. R. App. P. 4(1)(A).

Moran waived his argument that the district court failed to give certain jury instructions because he did not request such instructions below. *See* Fed. R. Civ. P. 51(d)(1)(B).

We do not consider issues not specifically and distinctly raised and argued in the opening brief, or raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

12-16484